## Case No. 11,120.

### In re PICKERING.

[10 N. B. R. 208; [1] 1 Cent. Law J. 371.]

District Court, W. D. Michigan. 1874.

BANKRUPTCY—EFFECT UPON ADJUDICATION OF PASSAGE OF AMENDATORY ACT.

1. A was adjudged a bankrupt on a creditor's petition, filed March 30, 1870, before the passage of the amendments approved June 22, 1874 [18 Stat. 178]. On an application for an order permitting one-fourth in number and one-third in value of the creditors to join in the petition, in compliance with section 39 of the bankrupt act [of 1867 (14 Stat. 536)], *held*, that the decree of adjudication having been rendered prior to the approval of the amendatory act, it stands as the decree of the court.

[Cited in Re Comstock, Case No. 3,077; Re Leland, Id. 8,231.]

2. It is not in the power of the legislative department of the government to so far interfere with the judicial department as to vacate the judgments and decrees of the latter.

[In the matter of William J. Pickering, a bankrupt.]

WITHEY, District Judge. Pickering was adjudicated a bankrupt April 6, 1874, on a creditor's petition filed March 30th, 1874. The amendments to the bankrupt act were approved June 22, 1874. June 29th the attorney for the petitioning creditor applied for an order permitting one-fourth in number and one-third in value of the creditors to join in the petition, in order to comply with the 39th section of the amended bankrupt act. The application assumes that the decree made April 6th, adjudicating Pickering a bankrupt, is void under the language of amended section 39, and that it is necessary to have the requisite number and value of creditors unite in the petition, and thereupon proceed to a hearing after proper notice to the debtor. The language of amended section 39 justifies such view, but the court holds that such is not the effect of the amendatory law. The decree of adjudication having been rendered prior to the approval of the amendatory act, it will stand as the decree of this court. It is not in the power of the legislative department of the government to so far interfere with the judicial department as to vacate the judgments and decrees of the latter. Congress may so legislate as to deprive the courts of the machinery and power to execute their judgments and decrees, and may give enlarged rights to suitors by way of appeals and writs of error, but it is fundamental that a decree which, at the time of being rendered, is valid under existing laws, cannot be vacated or reversed by the legislative power of the government. Application denied.

[1] [Reprinted from 10 N. B. R. 208, by permission.]